**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee*,

v.

ADRIAN NATURE,
        *Defendant-Appellant.*

No. 17-10161

D.C. No.
1:16-cr-00133-
DAD-1

OPINION

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted May 16, 2018
San Francisco, California

Filed August 6, 2018

Before: J. Clifford Wallace, N. Randy Smith,
and Michelle T. Friedland, Circuit Judges.

Opinion by Judge Wallace

# SUMMARY[*]

### Criminal Law

The panel affirmed the defendant's conviction for being dangerously under the influence of alcohol in violation of 36 C.F.R. § 34.5(b)(21) while he was in the El Portal Administrative Site, which is adjacent to Yosemite National Park.

The panel held that whether or not the Administrative Site is a "park area" within the meaning of the dangerous-drinking-prohibition contained in 36 C.F.R. § 2.35, section 34.5 incorporates the dangerous-drinking-prohibition with the necessary changes to make the prohibition applicable to the Administrative Site.

## COUNSEL

Erin M. Snider (argued), Assistant Federal Defender; Heather E. Williams, Federal Defender; Office of the Federal Public Defender, Fresno, California; for Defendant-Appellant.

Michael G. Tierney (argued), Assistant United States Attorney; Camil A. Skipper, Appellate Chief; United States Attorney; United States Attorney's Office, Fresno, California; for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

WALLACE, Circuit Judge:

Adrian Nature appeals from his conviction for being dangerously under the influence of alcohol in violation of 36 C.F.R. § 34.5(b)(21). He also appeals from the denial of his motion to dismiss the criminal complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

After drinking three or four containers of beer, Nature got into his vehicle outside of the El Portal Community Center. He planned to drive fifteen miles along a curvy mountain road to his campsite in Yosemite National Park. Bystanders saw him stagger and stumble while heading to his vehicle. They tried to persuade him not to drive and even parked behind his vehicle. A National Park Service ranger came to the scene and arrested Nature for being dangerously under the influence of alcohol in violation of 36 C.F.R. § 34.5(b)(21). The magistrate judge denied Nature's motion to dismiss the criminal complaint and found Nature guilty after a bench trial. The district court affirmed the judgment. Nature timely appealed.

II.

We review *de novo* the denial of a motion to dismiss a charging document for failure to state an offense. *United States v. Blixt*, 548 F.3d 882, 886 (9th Cir. 2008).

III.

The federal regulation at issue here is 36 C.F.R. § 34.5(b)(21). Located in a part of the Code of Federal

Regulations titled "El Portal Administrative Site Regulations," it provides in relevant part:

> The following sections and paragraphs of this chapter, as amended from time to time, apply to the administrative site and are hereby incorporated and made a part of this part except as modified by the regulations in this part:
>
> . . . . .
>
> (b) Resource Protection, Public Use and Recreation.
>
> . . . . .
>
> (21) 2.35 Alcoholic beverages and controlled substances.
>
> . . . . .

36 C.F.R. § 34.5(b)(21). The regulation applies to "all persons . . . within the boundaries of the El Portal Administrative Site." 36 C.F.R. § 34.2; *see also* 36 C.F.R. § 34.4 (defining "administrative site"). Nature was in the El Portal Administrative Site (the Site) at the time of his arrest. The Site is "adjacent to," but "outside" of, Yosemite National Park. 16 U.S.C § 47-1.

Section 2.35, the regulation incorporated by reference, prohibits "[p]resence *in a park area* when under the influence of alcohol . . . to a degree that may endanger oneself or another person, or damage property or park resources." 36 C.F.R. § 2.35(c) (emphasis added). We refer

to it as the dangerous-drinking-prohibition. Nature does not dispute that he was under the influence of alcohol to a degree that may have endangered others. Rather, he argues that the Site is not a "park area," and therefore the dangerous-drinking-prohibition did not apply to his conduct at the Site. The government, however, urges us to hold that the Site is a "park area" because the term, in the government's view, includes any land that "supports the [Service's] mission" of preservation.

We begin with the text of the regulations. The regulations define the term "park area" as synonymous with the term "National Park System." 36 C.F.R. § 1.4. The term "National Park System" means "any area of land . . . now or hereafter administered by the . . . National Park Service for park, monument, historic, parkway, recreational, or other purposes." *Id.* Nature does not dispute that the National Park Service (the Service) administers the Site, but argues that it does not do so "for park, monument, historic, parkway, recreational, or other purposes."

The district court held that the definition of "park area" encompassed the Site, but did not explain which part of the definition the Site satisfied, presumably land administered for either a "park purpose" or an "other purpose." *Nature v. United States*, 250 F. Supp. 3d 634, 640 (E.D. Cal. 2017). We need not decide whether the Site is a "park area" because, even assuming without deciding that it is not, the dangerous-drinking-prohibition nonetheless applies to the Site. As discussed above, section 34.5 purports to make the dangerous-drinking-prohibition applicable to the Site. It states, "The following sections and paragraphs of this chapter . . . apply to the administrative site and are hereby incorporated and made a part of this part . . . ." 36 C.F.R. § 34.5. We hold that this language incorporates the

dangerous-drinking-prohibition *mutatis mutandis*, meaning with the necessary changes to make it applicable to the Site. *See mutatis mutandis*, *Black's Law Dictionary* 1177 (10th ed. 2014); *see also Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 17 (2000), citing *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 680 (1986) (interpreting a provision of the Social Security Act, which the Medicare Act made applicable "to the same extent" as it is "applicable" to the Social Security Act, as applying to the Medicare Act *mutatis mutandis*). Put simply, even if the Site is not a "park area," the prohibition applies to the Site as if it were.

This reading makes sense because otherwise some cross-references in section 34.5 would have no consequence. The dangerous-drinking-prohibition in section 2.35 and other cross-referenced regulations apply exclusively, or nearly so, to "park areas." *See* 36 C.F.R. § 2.35(c); *see also* 36 C.F.R. §§ 2.2 (wildlife protection), 2.31 (trespassing); 2.50 (special events). For example, the cross-reference to fishing restrictions makes applicable subsections (a) and (c) specifically and those subsections *only* apply to "park areas." 36 C.F.R. § 2.3(a), (c). If the Site were not a "park area" and we did not read the regulation *mutatis mutandis*, these cross-references would make applicable to the Site a regulation that by its terms could never apply. This cannot be the correct reading. We construe regulations, like statutes, to give effect to every word when possible. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001). Therefore, even if the Site is not a "park area," we must read section 2.35(c) with the necessary changes to make it applicable to the Site.

IV.

We hold that the dangerous-drinking-prohibition applies to the Site, whether or not it is a "park area."[1]

**AFFIRMED.**

---

[1] In his opening brief on appeal, Nature argued that the Service exceeded its authority in promulgating 36 C.F.R. § 34.5(b)(21). We do not address this argument because Nature's counsel expressed her intent to abandon it at oral argument.