**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10425 |
| *Plaintiff-Appellee,* | D.C. No. 3:16-cr-08207-DGC-1 |
| v. | |
| FRANKLIN PAUL ELLER, Jr., | |
| *Defendant-Appellant.* | OPINION |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted November 17, 2022
Phoenix, Arizona

Filed January 25, 2023

Before: Jay S. Bybee, John B. Owens, and Daniel P.
Collins, Circuit Judges.

Opinion by Judge Owens

# SUMMARY[*]

## Criminal Law

The panel affirmed Franklin Eller Jr.'s convictions for attempted coercion and enticement of a child in violation of 18 U.S.C. §§ 2422(b) and (2), in a case in which Eller, in instant messages, negotiated with adult intermediaries in the Philippines for sexually explicit images and livecam shows involving minors.

Eller argued that there was insufficient evidence to support his convictions because "there was never any question of convincing the minors to assent to participate in the sexual activity discussed." According to Eller, the messages reveal that the only issues discussed were the costs of the shows and the specific acts requested. The panel wrote that Eller's argument conflicts with the trial record, which would permit a reasonable jury to conclude that he attempted to persuade certain minors to perform his abhorrent desires, despite some apparent hesitancy on their part, and that the children's participation in the live stream was contingent on how much Eller was willing to pay. The panel noted that, more importantly, Eller's argument ignores § 2422(b)'s focus. The panel wrote that the statute applies whether the minors are real or fictional, and an attempt through an intermediary or an undercover officer still leads to criminal liability. Whether Eller's intended victims were "willing" to engage in these acts is ultimately irrelevant— the focus always remains on the defendant's subjective

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

intent because the statute is designed to protect children from the act of solicitation itself. The panel concluded that, with that focus, the evidence of Eller's guilt was overwhelming.

The panel addressed Eller's challenges to the search warrant and his lifetime term of supervised release in a concurrently filed disposition.

## COUNSEL

Michael L. Burke (argued), Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender, Federal Public Defenders Office, Phoenix. Arizona; for Defendant-Appellant.

Peter S. Kozinets (argued), Assistant United States Attorney; Krissa M. Lanham, Appellate Division Chief; Gary M. Restaino, United States Attorney; Office of the United States Attorney; Phoenix, Arizona; for Plaintiff-Appellee.

**OPINION**

OWENS, Circuit Judge:

Defendant-Appellant Franklin Eller, Jr. appeals from his jury convictions for, *inter alia*, attempted coercion and enticement of a child in violation of 18 U.S.C. §§ 2422(b) and 2.  Eller argues that there was insufficient evidence to support his convictions because the government failed to show that he attempted to persuade or entice a minor to engage in sexual activity.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

## I.    BACKGROUND

In 2014, federal investigators discovered instant messages in which Eller negotiated with adult intermediaries in the Philippines for sexually explicit images and livecam shows involving minors.  Eller was unequivocal in making these requests—he repeatedly insisted that children appear in these videos and images, and detailed the sexual acts that they should perform for money.

For example, in one instant message exchange, Eller asked, "How many girls you say you can get for [$]80[?]," to which the intermediary responded, "2 girls and me." When Eller inquired about the two girls' ages, the intermediary told him that they were 13 and 18 years old.  In response, Eller asked if the intermediary could instead "get one under 18."  The intermediary initially declined Eller's request until Eller again asked if one of the 13-year-old's

---

[1] We address Eller's challenges to the search warrant and his lifetime term of supervised release in a concurrently filed memorandum disposition, in which we affirm the district court's decisions.

"attractive friends [could] join instead of [the] 18 [year-old]" and that, if not, he would "go else [*sic*] where." The intermediary then proposed swapping the 18-year-old with an 8-year-old child, to which Eller agreed. A Western Union transaction record from the same day shows that Eller sent $90 to a person in the Philippines. The tracking number for the money transfer matched the one Eller sent to the intermediary in the same instant message exchange.

In this exchange and in others with three additional Philippines-based email addresses, Eller repeatedly asked questions about the participants' ages and requested children as young as 5 years old. Eller also described the sexual acts he wanted to see, including sexual activity that would cause "marks from the pain." Following these exchanges, Eller sent money to the Philippines on at least four occasions.

After law enforcement discovered dozens of such messages, Eller was arrested and charged with four counts under 18 U.S.C. §§ 2422(b) and 2.[2] In a three-day trial, the government used the explicit instant messages to argue that Eller, through the intermediaries in the Philippines, attempted to persuade minors to engage in sexual activity, in violation of § 2422(b). The jury agreed and returned guilty verdicts on all counts. Eller timely appealed.

## II.  DISCUSSION

### A.  Standard of Review

We review claims of insufficient evidence de novo. *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 980 (9th

---

[2] A superseding indictment also charged additional child pornography counts, but Eller has not challenged the sufficiency of the evidence as to those counts.

Cir. 2020). When evaluating a challenge to the sufficiency of the evidence, we determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

### B.  Elements of § 2422(b)

A § 2422(b) attempt conviction requires proof of the following beyond a reasonable doubt: the defendant must have "knowingly (1) attempted to (2) persuade, induce, entice, or coerce (3) a person under 18 years of age (4) to engage in sexual activity that would constitute a criminal offense." *United States v. McCarron*, 30 F.4th 1157, 1162 (9th Cir. 2022) (citation omitted). "An attempt conviction requires evidence that the defendant intended to violate the statute and took a substantial step toward completing the violation." *Id.* (internal quotation marks and citation omitted). "To constitute a substantial step toward the commission of a crime, the defendant's conduct must (1) advance the criminal purpose charged, and (2) provide some verification of the existence of that purpose." *Id.* (citation omitted). "Moreover, a defendant's actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances." *Id.* (internal quotation marks and citation omitted).

And, as we recently held consistent with every circuit to consider this issue, § 2422(b) applies to defendants who use an intermediary in their attempt to coerce minors to engage in unlawful sexual activity. *See United States v. Macapagal*, 56 F.4th 742, 744 (9th Cir. 2022). Because "the efficacy of

§ 2422(b) would be eviscerated if a potential defendant could avoid prosecution by employing an adult as an intermediary," use of an intermediary is no barrier to a § 2422(b) conviction. *Id.* at 745 (citing with approval *United States v. Murrell*, 368 F.3d 1283, 1287 (11th Cir. 2004)).

### C. Sufficient Evidence Supported the § 2422(b) Convictions

In light of the explicit and repeated instant messages, it is clear that the jury got this right. Eller took numerous substantial steps in his communications with and payments to the Filipino intermediaries to obtain images and videos of minors engaging in sexual activity. *See United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) ("[W]hen a defendant initiates conversation with a minor, describes the sexual acts that he would like to perform on the minor, and proposes a rendezvous to perform those acts, he has crossed the line toward persuading, inducing, enticing, or coercing a minor to engage in unlawful sexual activity."); *United States v. Waqar*, 997 F.3d 481, 487-88 (2d Cir. 2021) (finding sufficient evidence for a § 2422(b) conviction where the defendant offered financial incentives to an undercover agent posing as a child to have sex with him); *United States v. Berk*, 652 F.3d 132, 140 (1st Cir. 2011) (finding that the defendant took a substantial step by communicating with whom he believed was a 12-year-old girl's father about "renting her out" and "discussing . . . graphic sexual details and prices"); *United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir. 2007) (finding sufficient evidence because the defendant described to an undercover agent posing as the mother of two children "his desire to perform sex acts" on her children and asked her to "tell the girls about his wishes").

Despite the extensive electronic evidence, Eller contends on appeal that he is innocent of the § 2422(b) charges, as "there was never any question of convincing the minors to assent to participate in the sexual activity discussed." Instead, according to Eller, "the messages reveal that the only issues discussed were the cost of the requested shows and the specific acts requested[.]"  In other words, Eller argues that he might have been guilty of shameless price haggling, but not of attempting to persuade, induce, entice, or coerce minors, as the children were prepared to engage in these acts before Eller's instant messages.

Yet Eller's argument conflicts with the trial record, which would permit a reasonable jury to conclude that he attempted to persuade certain minors to perform his abhorrent desires, despite some apparent hesitancy on their part.  Eller used money as a negotiating tool to persuade the adult intermediaries and, in turn, the children to participate in the sexual acts he described.  For example, Eller asked one account holder, "How many girls you say you can get for [$]80[?]"  After responding to the inquiry, the account holder agreed to Eller's request to swap an 18-year-old participant with a minor only after Eller threatened to walk away from the deal if they did not comply.  In another exchange, Eller asked whether, in return for $60, a second account holder and a 10-year-old child would engage in sexual acts.  Indeed, Eller's haggling concerned what these children would do in exchange for money, which is the essence of persuasion.  *See United States v. Nestor*, 574 F.3d 159, 162 n.4 (3d Cir. 2009) (noting that a dictionary defines "persuade" as "to move by argument, entreaty, or expostulation to a belief, position, or course of action"); *United States v. Hite*, 769 F.3d 1154, 1161 (D.C. Cir. 2014) (noting that a dictionary defines "persuade" as "[t]o induce or win over (a person) to an act

or course of action; to draw the will of (another) to something, by inclining his judgement [*sic*] or desire to it; to prevail upon, to urge successfully, to do something"). Eller also asked a third account holder whether they had "talked to [the] girls" about participating in a livestream show. The account holder responded that they had not yet discussed the matter with the children because Eller never agreed to a dollar amount and thus they did not "know how many cousins and nieces [would] join." In other words, the children's participation in the livestream shows was contingent on how much Eller was willing to pay.

And more importantly, Eller's argument ignores § 2422(b)'s focus. The statute applies whether the minors are real or fictional, as in the "To Catch a Predator" scenario. *See United States v. Howard*, 766 F.3d 414, 420 (5th Cir. 2014) ("Prosecutions under 18 U.S.C. § 2422(b) ordinarily are the result of sting operations" using "an undercover police officer posing as a minor (or a minor's parent)."). There need not be any minor at all—*Eller's attempt* to coerce a minor to engage in unlawful activity is the crime. *See, e.g.*, *United States v. Meek*, 366 F.3d 705, 717 (9th Cir. 2004) ("[A]n actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b)." (citation omitted)). And, as the caselaw shows, an attempt through an intermediary or an undercover officer still leads to criminal liability. *See Macapagal*, 56 F.4th at 745. Whether Eller's intended victims were "willing" to engage in these acts is ultimately irrelevant (much like the minors' existence in the first place)—our "focus always remains on the defendant's subjective intent because the statute is designed to protect

children from the act of solicitation itself."**3**  *United States v.
Roman*, 795 F.3d 511, 516 (6th Cir. 2015) (internal quotation
marks and citation omitted).  And with that focus, the
evidence of Eller's guilt, which far exceeded the passages
excerpted here, was overwhelming.

Accordingly, we hold that a rational jury could have
found Eller guilty of attempted coercion and enticement of a
minor beyond a reasonable doubt.

**AFFIRMED**.

---

[3] Eller's argument that the children consented prior to his messages is
also unavailing because, even if the children "could theoretically assent
to sexual activity as a general proposition, [which they cannot,] they
could not assent to sexual activity *with* [*Eller*] until they were aware of
his existence and desire or intent to have sexual contact with them."
*United States v. Caudill*, 709 F.3d 444, 446 (5th Cir. 2013).