NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-30060 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00023-JLR-1 |
| v. | |
| TAYLOR J. MATSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted May 3, 2023
San Francisco, California

Before:  McKEOWN, BYBEE, and FORREST, Circuit Judges.

Defendant Taylor J. Matson appeals from his jury conviction for attempted enticement of a minor under 18 U.S.C. § 2422(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    ***Sufficiency of the evidence.*** We review de novo Matson's challenge to the district court's denial of his motion to dismiss for failure to state an offense. *See*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*United States v. Nature*, 898 F.3d 1022, 1023 (9th Cir. 2018). Matson does not challenge the district court's ruling that the indictment was sufficient on its face, and where, as here, "a motion to dismiss an indictment . . . is substantially founded upon and intertwined with evidence concerning the alleged offense," a district court does not err in denying it. *See United States v. Lunstedt*, 997 F.2d 665, 667 (9th Cir. 1993) (cleaned up).

Matson also argues that there was insufficient evidence to support his conviction because the Government failed to establish that he had the requisite intent or took a substantial step toward committing the crime. Matson moved for acquittal at the close of the Government's evidence but did not renew his motion at the close of all the evidence, so we review this challenge for plain error. *United States v. Gadson*, 763 F.3d 1189, 1217 (9th Cir. 2014). Viewing the evidence in the light most favorable to the Government, *see United States v. Eller*, 57 F.4th 1117, 1119 (9th Cir. 2023), we conclude that a rational jury could have found Matson guilty of attempt under 18 U.S.C. § 2422(b).

A defendant may be found guilty even where, as here, he communicates only with an adult intermediary or undercover officer. *See id.* at 1120–21; *see also United States v. Macapagal*, 56 F.4th 742, 744–45 (9th Cir. 2022) ("[S]o long as the government proves the defendant's intent was to obtain sex with a minor, it does not matter that the phone or internet communications occurred only between the

defendant and an adult intermediary."). While Matson argues that the evidence showed only that the undercover officer was seeking to persuade him to engage in child sex abuse, a rational jury could find that Matson had the requisite intent where he continually reinitiated contact with the officer, tried to assuage her concerns that he might have sexually transmitted diseases, discussed that he would be "good at communicating" what he wanted the minor to do sexually, and took the ultimate step of "travel[ing] to the anticipated meeting site" with two new condoms. *See Macapagal*, 56 F.4th at 746. We similarly conclude based on this same evidence that a rational jury could find Matson took a substantial step toward completing the violation. *See Eller*, 57 F.4th at 1120 (discussing substantial step standard).

2. ***Entrapment.*** Matson argues that the district court erred in denying his motion to dismiss for entrapment, and that the evidence proves his entrapment defense as a matter of law. We review this claim de novo. *United States v. Sandoval–Mendoza*, 472 F.3d 645, 648 (9th Cir. 2006).

Like Matson's motion to dismiss for insufficient evidence, his motion to dismiss for entrapment was "substantially founded upon and intertwined with evidence concerning the alleged offense," *Lunstedt*, 997 F.2d at 667 (cleaned up), and the district court did not err in denying it. *See United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010) (suggesting entrapment is a question for the jury where resolving the issue requires weighing the evidence).

3

We further conclude that a reasonable jury could have found that the Government disproved Matson's entrapment defense. *See Sandoval-Mendoza*, 472 F.3d at 648 (explaining that we "will not disturb the jury's finding unless, viewing the evidence in the government's favor, no reasonable jury could have concluded that the government disproved the elements of the entrapment defense" (citation omitted)). The Government may disprove entrapment by establishing that it did not induce the defendant to commit the crime. *See id.*; *see also United States v. Williams*, 547 F.3d 1187, 1197 (9th Cir. 2008). Inducement requires government pressure or coercion "more serious than mere solicitation." *United States v. McClelland*, 72 F.3d 717, 723 (9th Cir. 1995). While the Government here placed an advertisement aimed at people interested in sexually abusing children, it did not exert coercion or pressure of a type rising to the level of inducement. *Cf. United States v. Poehlman*, 217 F.3d 692, 695–702 (9th Cir. 2000) (concluding the Government entrapped the defendant where it "played on [his] obvious need for an adult relationship, for acceptance . . . and for a family"); *see also United States v. Mohamud*, 843 F.3d 420, 433–34 (9th Cir. 2016) (distinguishing *Poehlman* because there "the government agent aggressively pushed the idea of sexual activities with children on an uninterested defendant until eventually he gave in").

3.   ***Outrageous Conduct.*** Matson argues that the district court erred by not dismissing the indictment for outrageous government conduct. Dismissal for

4

outrageous government conduct is warranted only in the "extreme case[]" where the defendant shows "conduct that violates due process in such a way that it is 'so grossly shocking and so outrageous as to violate the universal sense of justice.'" *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011) (citation omitted). The Government's conduct here does not come close to meeting that standard.

4. ***Supervisory Powers.*** Matson also argues that the district court erred by not dismissing the indictment under its inherent supervisory powers. We conclude the district court did not abuse its discretion in declining to dismiss the indictment, *see United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020), because it correctly determined that the Government did not engage in "flagrant misbehavior." *See United States v. Chapman*, 524 F.3d 1073, 1084–85 (9th Cir. 2008).

5. ***Undercover Officer's Testimony.*** Finally, Matson argues that the district court erred by allowing portions of the undercover officer's testimony about her communications with Matson as improper lay witness testimony. We review such evidentiary rulings for abuse of discretion and reverse only if any error "more likely than not affected the verdict." *See United States v. Schales*, 546 F.3d 965, 976 (9th Cir. 2008). A government agent may testify as a lay witness about her interpretation of ambiguous statements based on her knowledge of or participation in an investigation. *See United States v. Freeman*, 498 F.3d 893, 902–06 (9th Cir. 2007). The officer's testimony was based not just on her participation in the

investigation, but on her perception as a direct participant in the conversations with Matson. *See United States v. Simas*, 937 F.2d 459, 464–65, (9th Cir. 1991) (explaining that an agent's testimony about statements made to her is "rationally based on" her perception for Federal Rule of Evidence 701 purposes, and that such testimony may also be helpful to the jury); *see also Macapagal*, 56 F.4th at 747 (concluding that an agent's testimony about the meaning of sexual terms used in conversations was permissible where the agent participated in conversations). The officer recounted her side of the conversation, just as Matson testified about his side. And the district court confined the officer's testimony to her own observations and understanding of the messages. *See United States v. Torralba-Mendia*, 784 F.3d 652, 660–61 (9th Cir. 2015) (explaining that a lay witness may testify based on her observations).

Even assuming the district court erred in admitting some portion of the officer's testimony, such error is harmless because the remaining evidence was sufficient to support a conviction, Matson testified to his own explanation of the interactions, and the Government did not emphasize the officer's interpretation in its closing argument. *See United States v. Perez*, 962 F.3d 420, 435 (9th Cir. 2020) ("Any error in admitting a lay witness's opinion is harmless so long as in light of the evidence as a whole, there was a fair assurance that the jury was not substantially swayed by the error." (internal quotation marks and citation omitted)); *Freeman*, 498

6

F.3d at 905–06 (concluding that improper admission of testimony was harmless in context of other evidence offered by the government and where "overwhelming portion" of testimony was proper); *cf. Arnold v. Runnels*, 421 F.3d 859, 869 (9th Cir. 2005) (explaining error was not harmless where the prosecutor "specifically emphasize[d]" improperly admitted evidence).

**AFFIRMED.**