NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50249 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:19-cr-00313-SVW-1 |
| | 2:19-cr-00313-SVW |
| MARK STEVEN DOMINGO, | |
| | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 16, 2023
Pasadena, California

Before: RAWLINSON, HURWITZ, and OWENS, Circuit Judges.

Mark Domingo appeals from his convictions for (1) providing material
support to terrorists in violation of 18 U.S.C. § 2339A and (2) attempting to use a
weapon of mass destruction in violation of 18 U.S.C. § 2332a(a)(2). He argues
that there was insufficient evidence for the jury to find that he was not entrapped
into committing his crimes. As the parties are familiar with the facts, we do not

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

recount them here. We affirm.

"When evaluating a challenge to the sufficiency of the evidence, we determine whether, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Eller*, 57 F.4th 1117, 1119 (9th Cir. 2023) (quoting *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc)). A rational jury could have found beyond a reasonable doubt that Domingo was not entrapped. The record contained ample evidence to support either that Domingo "was predisposed to commit the crime before being contacted by government agents," or that he "was not induced by the government agents to commit the crime." *United States v. Temkin*, 797 F.3d 682, 691 (9th Cir. 2015) (quoting *United States v. Mejia*, 559 F.3d 1113, 1116 (9th Cir. 2009)).

We consider the following factors when analyzing predisposition: "(1) the character or reputation of the defendant; (2) whether the government made the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement." *United States v. Gomez*, 6 F.4th 992, 1001 (9th Cir. 2021), *cert. denied*, 143 S. Ct. 493 (2022). Because the fifth factor of the predisposition analysis assumes inducement, even if the jury found that the government induced Domingo to commit his crimes, evidence of his predisposition

2

could independently support the conclusion that he was not entrapped.

First, Domingo's "character" and "reputation" suggested an inclination toward violence that predated his contact with government agents, as shown by the testimony of his former platoonmate and therapist. *Id.* "The evidence most damaging to [Domingo's] entrapment defense . . . is his own testimony." *United States v. Reynoso-Ulloa*, 548 F.2d 1329, 1336 (9th Cir. 1977). Domingo admitted on the stand that the government agent with whom he planned the terrorist attack was "someone who [he] could be [himself] with, uncensored, unfiltered, [he] didn't have to put on a mask or disguise with this individual." Under the second predisposition factor, Domingo initiated and led the effort to commit a terrorist attack; for example, like the defendant in *United States v. Mohamud*, 843 F.3d 420 (9th Cir. 2016), Domingo identified potential target locations after the government's initial contact with him but before the suggestion of criminal activity. *See id*. at 433.

Third, though Domingo did not attempt to commit the attack for profit, he had just as compelling a motivation for his crimes: martyrdom. Considering the fourth factor, whether Domingo showed any reluctance, in the immediate leadup to the planned attack, Domingo expressed a preference for a different target. But, viewing the evidence in the light most favorable to the government, a rational jury could have attributed this reluctance to his concerns that there would not be enough

potential victims to achieve his desired impact at the initial target location, rather than any hesitation about committing a terrorist attack. Domingo's ultimate decision—to give the go-ahead to proceed with the attack—indicated that he no longer had "any reluctance in going through with a horrific attack that would have killed and maimed countless people." *Id*. Rather, his cumulative actions "expressed great enthusiasm in seeing it through." *Id*.

Finally, regarding inducement, there was no need for "repeated and persistent solicitation" or "persuasion" by the government because Domingo spoke of terrorism unprompted and eagerly planned the attack. *United States v. Simas*, 937 F.2d 459, 462 (9th Cir. 1991) (quoting *Reynoso-Ulloa*, 548 F.2d at 1335–36). He testified that he "wanted to commit mass murder with a bomb." As a result, there was sufficient evidence for a rational jury to conclude that Domingo was not induced into committing his crimes. In the alternative, even assuming inducement, there still was sufficient evidence from which the jury could find Domingo's predisposition to commit his crimes.

Therefore, a rational jury could have found that Domingo was not entrapped.

**AFFIRMED.**

4