NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. SINISA DJURDJIC, Defendant - Appellant. | No. 23-3890 D.C. No. 4:17-cr-01658-JGZ-AMM-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, Chief District Judge, Presiding

Submitted May 15, 2025[**]
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Sinisa Djurdjic (Djurdjic) appeals his convictions under 18 U.S.C. § 1546(a)

and 18 U.S.C. § 1425(a) and (b). He also appeals the district court's application of

a sentencing enhancement. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1**.  We review sufficiency of the evidence de novo.  *See United States v. Eller*, 57 F.4th 1117, 1119 (9th Cir. 2023).  "[W]e determine whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* (citation omitted) (emphasis in the original).

A person violates § 1546(a) if he:

> knowingly . . . possesses . . . any . . . document prescribed by statute or regulation for entry into . . .  or as evidence of authorized stay or employment in the United States, knowing it to . . .  have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained.

18 U.S.C. 1546(a).

Djurdjic was charged with knowingly possessing and using a legal permanent resident card procured by fraud in violation of § 1546(a).  Specifically, Djurdjic was charged with omitting from his Application to Adjust Status his uniformed service in the services of the Bosnian Serb government.  We are unpersuaded that no rational trier of fact could have found that Djurdjic failed to report his uniformed service when the information was located in his A-file.  *See United States v. Amintobia*, 57 F.4th 687, 702-03 (9th Cir. 2023) (focusing on material in the application).

Djurdjic's A-file refers to his capture while he was a member of the Serbian Democratic Party.  There is no reference to Djurdjic's uniformed service.  Viewing

the evidence in the light most favorable to the prosecution, a reasonable trier of fact could find that Djurdjic fraudulently obtained his permanent resident card by knowingly omitting his uniformed service from his application. *See United States v. Lindholm*, 24 F.3d 1078, 1085 (9th Cir. 1994) (noting that "an omission is the equivalent of a false statement") (citation omitted).

**2.** Djurdjic was not deprived of due process when he was convicted of violating § 1425(a) and (b) by failing to report his uniformed service on his Application for Naturalization. Again, even if a reference to Djurdjic's uniformed service was contained in his A-file, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that Djurdjic violated § 1425(a) and (b) because he nevertheless made material misstatements on his Application for Naturalization.[1] *See Amintobia*, 57 F.4th at 699. The government presented evidence that Djurdjic's misstatements prevented further investigation into Djurdjic's history that would have called into question his eligibility for naturalization. *See id.* at 700-01. Because there is sufficient

---

[1] A person violates § 1425(a) if he "knowingly procures or attempts to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship." 18 U.S.C. § 1425(a). A person violates § 1425(b) if "he knowingly issues, procures or obtains or applies for or otherwise attempts to procure or obtain naturalization" when he is "not entitled thereto." 18 U.S.C. § 1425(b).

evidence to support Djurdjic's convictions, no due process violation occurred.  *See*

*United States v. Del Toro-Barboza*, 673 F.3d 1136, 1143 (9th Cir. 2012).

**3**.  The district court applied a 17-point enhancement based on proof from

the government by a preponderance of the evidence that Djurdjic was "involved in

serious human right offenses."  *See* U.S.S.G. § 2L2.2(b)(4)(B)(ii). [2]

Witnesses corroborated each other's testimony regarding Djurdjic's

participation in the torture of Muslim inmates through sexual abuse and beatings.

This evidence amply supported the finding that Djurdjic participated in the torture

of Muslim inmates, thereby warranting application of the enhancement.  *See*

*United States v. Kurns*, 129 F.4th 589, 594-95 (9th Cir. 2025).[3]

**AFFIRMED**.

---

[2] "If the defendant committed any part of the instant offense to conceal the defendant's participation in (i) the offense of incitement to genocide, increase by 6 levels; or (ii) any other serious human rights offense, increase by 10 levels. If clause (ii) applies and the resulting offense level is less than level 25, increase to level 25."  U.S.S.G. § 2L2.2(b)(4)(B)

[3] Although the district court applied a clear and convincing evidence standard, we have recently clarified that a preponderance of the evidence standard applies to the "proof of guideline enhancements."  *Kurns*, 129 F.4th at 595.